UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLANDO ARTURO ORELLANA MORENO,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et al.,<br>Respondents. | No. 1:26-cv-09059-DC-CSK (HC)<br><br><u>ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND MOTION FOR TEMPORARY RESTRAINING ORDER</u><br><br>(Doc. Nos. 1, 2) |

This matter is before the court on Petitioner's motion for a temporary restraining order (Doc. No. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241, challenging his ongoing immigration detention. (Doc. No. 1.)

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). A petitioner must be "incarcerated—or, as here, in [immigration] custody—at the time a habeas petition is filed." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007). Noncitizens present without admission who are apprehended in the interior of the United States are subject to discretionary detention under 8 U.S.C. § 1226, not mandatory detention under § 1225(b)(2)(A). *See Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. July 30, 2026). Further, this court has previously addressed the legal issues raised by Count One of the petition. (Doc. No. 1 at 11–14.) Specifically, this court has held that noncitizens who

are unlawfully present in the United States, and who live at liberty here for an extended period with the Government's knowledge, are entitled to a pre-deprivation bond hearing before they may be detained by immigration authorities. *See Polynice v. Chestnut*, No. 1:26-cv-07674-DC-CSK, 2026 WL 3072458, at *1 (E.D. Cal. Oct. 14, 2026) (granting motion for temporary restraining order and petition for a writ of habeas corpus on due process grounds and ordering immediate release of petitioner who had previously applied for and been denied temporary protected status and had pending asylum application at the time of his detention); *Oliveira Tinoco v. Albarran*, No. 1:26-cv-05505-DC-CKD, 2026 WL 2949219, at *5–7 (E.D. Cal. Oct. 1, 2026) (same as to petitioner who overstayed her visa where the Government "had recurrent notice that [the p]etitioner remained in the United States long after the expiration of her B-2 visa and corresponding status").

On November 3, 2026, the court issued an order informing the parties that it was considering ruling directly on the petition and asking both parties whether they oppose simultaneous resolution of the motion for temporary restraining order and habeas petition. (Doc. No. 4.)

On November 5, 2026, Respondents filed their opposition to Petitioner's motion arguing that § 1226(a) governs Petitioner's detention and that he "is therefore entitled to seek a custody redetermination hearing before an immigration judge." (Doc. No. 6 at 1.) Respondents additionally argue that the "§ 1226(a) framework is generally constitutional and does not require procedures beyond the governing statutes and regulations." (*Id.*) (citing *Rodriguez v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022). Respondents' opposition omits, however, that Petitioner was known to immigration authorities long before his recent detention. Specifically, the documentation attached to Respondents' opposition indicates that Petitioner filed an asylum application on May 8, 2024, and that application remains pending. (Doc. No. 6-1 at 7.) Thus, Respondents have had actual knowledge of Petitioner's life in the United States for at least two years through his pending asylum application.

Respondents indicate that they do not oppose the court ruling on the merits of the petition. (Doc. No. 6 at 1.) On November 9, 2026, Petitioner filed a reply indicating that he likewise does

not oppose the court ruling on the petition. (Doc. No. 8 at 1.) Petitioner additionally indicated that he had been scheduled for a bond hearing on November 12, 2026, but argues that his constitutional claim remains live. (*Id.* at 2.) On November 19, 2026, Petitioner filed a status report indicating that Petitioner had been released on $10,000 bond on November 12, 2026, and that the government reserved the right to appeal that order. (Doc. No. 9 at 1.) Petitioner emphasized that this court has previously found that release on bond does not moot a claim for protection against re-detention without adequate pre-deprivation process where the government reserves the right to appeal the bond order. (*Id.* at 1–2) (citing *Oliveira Tinoco*, 2026 WL 2949219). Indeed, in *Oliveira Tinoco* this court found that because the petitioner's bond order remained appealable by the government, the court was "not satisfied that the alleged wrongful detention will not recur." *Id.* at *3 (citation omitted). Thus, the court finds that Petitioner's constitutional argument remains live following his release on bond from immigration detention.

Because Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the court's aforementioned prior decisions, the court will grant Petitioner's motion for temporary restraining order (Doc. No. 2) and petition for writ of habeas corpus (Doc. No. 1) as to Count One for the reasons set forth in the court's order in *Oliveira Tinoco*.[1] *See Oliveira Tinoco*, 2026 WL 2949219, at *4–7. Further, as the court found in *Oliveira Tinoco*, the proper remedy for Respondents' failure to provide Petitioner with a constitutionally compliant pre-deprivation bond hearing is Petitioner's return to the "status quo ante litem, meaning [Petitioner's] last uncontested status immediately preceding detention." *Id.* at *6 (citation modified).

/////

[1] Because the court is granting the petition on the due process claim (Count One), the court need not address any additional grounds raised in the petition. *See N.K. v. Noem*, No. 1:26-cv-00292-KES-SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); *Constantinovici v. Bondi*, 806 F. Supp. 3d 1155, 1166 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release").

Accordingly,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) and motion for a temporary restraining order (Doc. No. 2) are GRANTED as to his due process claim as follows:

   a. Respondents are ORDERED to, within five (5) days of entry of this order RESTORE Petitioner to the status quo immediately preceding his detention in October 2026, and FACILITATE the return of the bond Petitioner posted in November 2026;

   b. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting Petitioner unless and until they first provide no fewer than seven (7) days' notice and a pre-deprivation hearing at which the government bears the burden of demonstrating, by clear and convincing evidence, that Petitioner is a flight risk or threat to public safety such that his detention is warranted;

2. Petitioner's motion to accept late filed reply (Doc. No. 7) is DENIED as having been rendered moot by this order;

3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

4. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **November 20, 2026**

Dena Coggins
United States District Judge